UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TITUS ARON-EL, | ) |
|         Plaintiff, | ) ) ) |
|         v. | ) No. 2:22-cv-00383-JPH-MG ) |
| S. TIERNEY, | ) ) ) |
|         Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Titus Aron-El filed this action alleging that Defendant Officer S. Tierney used excessive force to remove him from a shower while he was incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). Defendant moves for summary judgment arguing that Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons below, the motion for summary judgment, dkt. [20], is **DENIED**.

**I.
Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way to resolve a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the

1

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, see Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that might be relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Indeed, "[t]he court has no duty to search or consider any part of the record not specifically cited" in accordance with the local rules. S.D. Ind. L.R. 56 1(h); see S.D. Ind. L.R. 56 1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other

admissible evidence. . . . The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.").

## II.
## Factual Background

At all times relevant to this action, Plaintiff was incarcerated at Wabash Valley, a prison maintained by the Indiana Department of Correction ("IDOC"). Dkt. 20-1 at 2 (Declaration of Grievance Specialist Carla Coakley).

### A. Offender Grievance Process

The IDOC has a standardized Offender Grievance Process which was in place during the time Plaintiff alleges his rights were violated. *Id*.; dkt. 20-2 (IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process). That Offender Grievance Process governs the grievance procedure and details how a prisoner must exhaust his administrative remedies using that procedure. Dkt. 20-1 at 2. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 3. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.* at 5.

### B. Plaintiff's Participation in the Grievance Process

On February 4, 2021, Plaintiff submitted a grievance alleging that Defendant used a chemical agent against him while he was in the shower. Dkt. 20-4 at 8 ("Offender Grievance Packet"). Grievance Specialist Templeton denied

the grievance on February 25, 2021, on the basis that Plaintiff had exceeded his allotted shower time and had failed to follow instructions to finish showering. *Id.* at 6. Plaintiff was sent a State Form 45473 "Offender Grievance Appeal" on March 3, 2021, and he had until March 10, 2021, to complete the form and submit it to Ms. Templeton. Dkt. 20-1 at 6. Ms. Templeton did not receive this completed form until March 15, 2021, which was beyond the permitted time frame. Dkt. 20-4 at 1-2. Plaintiff then received a "Return of Grievance" State Form 45475 from Ms. Templeton indicating that his appeal was untimely. *See* dkt. 32-1 at 16. Plaintiff maintains that he timely submitted the appeal and that the week-long delay in Ms. Templeton's receipt of his appeal was not attributable to him. Dkt. 32 at 3; *see also* dkt. 32-1 at 17 (Grievance Appeal dated March 8, 2021 and stamped received on March 15, 2021).

## III.
## Discussion

The PLRA, requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit

4

inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendant faces the burden of establishing that "an administrative remedy was available and that [Plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes...." *Id.*; *see also Ross,* 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust...").

Here, Defendant has not met his burden of proving that Plaintiff "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. Defendant does not address Plaintiff's evidence that he timely signed the grievance appeal on March 8, 2021, *see* dkt. 32-1 at 17, or challenge his argument that he placed the appeal in the mail bag on March 8, such that the week-long delay in the appeal reaching Ms. Templeton was due to mail delays

5

not attributable to him. *See* dkt. 33. Instead, Defendant argues that Plaintiff failed to file a second-level appeal to the Department Grievance Manager after he received Ms. Templeton's "denial of his written grievance appeal." *Id.* at 7. This argument does not recognize, however, that Ms. Templeton did not "deny" his appeal, but rather "return[ed]" it as "out of time frame." Dkt. 20-4 at 1. That return of grievance form had no information about a next-level appeal to the Department Grievance Manager, *id.*, and the "facility level response" on the Plaintiff's grievance appeal itself was left blank and unsigned, *id.* at 2. Defendant cites no evidence showing that Plaintiff was required to take any additional steps to fully exhaust the grievance process in this situation when his grievance appeal was "returned" to him blank because it was "out of time." Dkt. 33 at 7–8; *see* dkt. 20-1; dkt. 20-2 at 13.

Defendant therefore has failed to carry his burden to demonstrate that Plaintiff had available remedies that he failed to utilize, so Defendant's motion must be denied. *See Ramirez v. Young*, 906 F.3d 530, 535 (7th Cir. 2018) ("[R]emedies are available only if a prisoner has been notified of their existence. . . . Prisoners are not expected to divine the availability of grievance procedures."); *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011) ("An administrative remedy is not available, and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately described the steps he needs to take to pursue it.").

## IV.
## Rule 56(f) Notice and Further Proceedings

For the reasons stated above, Defendant's motion for summary judgment, dkt. [20], is **denied**. Further, under Rule 56(f)(1), the Court gives Defendant notice of its intent to grant summary judgment in Plaintiff's favor on the issue of exhaustion. Defendant has **through September 18, 2024**, to show cause why summary judgment should not be granted. Alternatively, the Defendant may withdraw their affirmative defense by this date.

**SO ORDERED.**

Date: 9/10/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TITUS ARON-EL
999144
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360